I think we're ready to begin with the first case. The first case is Wallace v. City of New York. We'll hear from the appellant. Good morning, Your Honor. Can you hear me? Yes, we can. Okay, now can you see me? We can also see you. Good morning. Good morning. I'll be brief. On behalf of my client Jessica Wallace, when her application to buy back municipal pension time was denied, she was not apprised of her right to appeal. She wasn't given notice or that she had an opportunity for a hearing. I understand that at some point the fact that someone could file an article 78 petition was the insufficient due process. However, this court, the Second Circuit in King v. Nicers, cited 212F sub 3rd 371 held that article 78 relief was not adequate due process. And it's our contention that because she was not afforded her right to appeal that she was not receiving due process. All she was given was a letter indicating how her application was calculated, but there was nothing about her right to appeal. So it's our contention that the lower court erred in holding the article 78 relief was sufficient due process. It was not under King, obviously. Also, we're arguing that the court erred in not hearing a racial discrimination claim. Can I just return, before you turn to the next claim, I ask about the you assert in your briefing on appeal that this is a Monel style claim based on official policy, so that the city had a policy. Can you describe what that is? Well, the policy is that they would entertain an application to buy back municipal court time and deny it without giving a reason. And given the prize, Ms. Watson was right to appeal. I guess they assumed she knew she could file an article 78 petition, but she didn't know. So it's our contention that their policy of not notifying the person applying to buy back the municipal time violated her right to proceed with due process under the 14th Amendment, that policy of not notifying people. Thank you. On what basis would you say it's a policy? Well, because they don't do it. I mean, if they did it, then she would have been afforded relief, but they simply don't inform people once they've been denied that they can appeal. So obviously, this is the only case in which this has happened insofar as you've been able to Why don't you go ahead and move on to your next argument about the basis for the denial? Yes, Your Honor. Um, we also argued that the lower court erred because it did not entertain our claim of racial discrimination. Clearly, Ms. Wallace was a member of a protected class. She was eligible to buy back her attention time. And when they denied her, that was clearly an adverse employment decision, which denied her a material benefit, her right to her pension. She was only granted two out of 10 years. Because they didn't give her a reason, it's our contention that license in an arbitrary and capricious fashion, which gives rise to a legitimate reason, the basis for denying her was, in our view, that she is African American. And the great majority of correctional officers are African American and Hispanic. And in our view, the city simply does not apprise them of their right to appeal. Because this group is largely majority minority. Mr. Rainer, didn't the city explain that one's only eligible to apply for the buyback if you're still a city employee? That after you've retired, you're not eligible anymore? Well, they did, that's true. But it's our contention that she's never had the right to appeal. And she was not informed of her right to appeal. I think it's our contention that she was eligible to find work. On what basis do you have that? What section of the statute are you looking at that says she's eligible, that you can buy back time after you've retired and your annuity is set? Well, I mean, all you need to do is tell me a section of the statute, because the retirement statute is pretty clear. I think I don't think it goes your way. Okay. Okay. I mean, if she got bad advice from an employee, that doesn't make it a policy of the city, does it? Well, it's policy of the city from the standpoint that they simply didn't apprise her of her right to appeal. I mean, if they never tell you, then obviously... No, no, no, that's not what I'm talking about. I'm talking about the fact that she took the position that she was told that she didn't have to buy it back until after she'd retired, right? That was her position. But if that employee just gave her bad advice, that doesn't make that a policy of the city, does it? No, it doesn't. Okay. Okay. Thank you. Thank you, sir. And that concludes my argument. Thank you. Thank you, Mr. Raynor. We'll hear from the appellee. May it please the court, Kevin Ossowski on behalf of Appellees. Ms. Wallace admirably served the city, but she failed to follow the proper procedure for buying back her pension time, and she can't fix this error with a federal suit. The district court properly dismissed her amended complaint for two reasons. First, because her discrimination claim fails to connect her race with the mistreatment that she alleges. And second, because her due process claim fails to allege a municipal policy that would satisfy Monell. With respect to her discrimination claims, Ms. Wallace's complaint alleges that she's a member of a protected class, but the mistreatment that she alleges, that she was misinformed about NYSER's clear buyback policy, such that she was then not able to participate in the buyback policy, isn't connected with her membership in that protected class. And it appears that Ms. Wallace has abandoned her federal claims on appeal, but even under the broader state and city human rights law, she needs to allege circumstances that give rise to an inference of discrimination. And her pleadings here just fail to meet that standard. She's asking the court to infer discrimination from thin air, and that's something that this court has repeatedly said it will refuse to do. With respect to Ms. Wallace's complaint, she fails to allege a municipal policy that satisfies Monell. And to the extent that she now claims that that policy is deliberately misinforming applicants about the timeline for applying for buyback, that's not what she alleges in her complaint. Her complaint alleges that she was misinformed. It doesn't allege that that was part of any policy. And in fact, her complaint specifically references the NYSERS policy that prohibits applicants from buying back time after they've retired. I think your adversary's focus this morning was a policy consisting of not notifying her of her right to appeal. Yes. And the alleged policy of not notifying someone about their right to appeal is also not part of Ms. Wallace's complaint. That's something that's come about after the fact. And so the fact that that's not alleged in the complaint is sufficient to deny her or to grant the motion to dismiss on Monell basis. Mr. Osowski, just for my general information, once a New York City employee has understanding that Ms. Wallace perhaps misunderstood about how she would apply to or participate in the buyback, does she have any remedy or is it over and done with? And her eligibility is through to participate in buyback. So, Your Honor, the New York retirement and Social Security law, section 609, sets out very specific provisions for this buyback policy, and it does limit buyback to only current members of the pension program. And that means people who are currently employed and contributing to the pension program. There are a few exceptions to that that are provided under the statute, but those are not applicable here. If what Ms. Wallace alleges happened, if she was misinformed, she had the opportunity to grieve that through the NYSERS process, to call NYSERS up and say, hey, or I've been misinformed, to file a letter with them. And she certainly had the opportunity to bring an Article 78 proceeding if she feels that she wasn't adequately, her benefits weren't adequately assessed under NYSERS. But the New York retirement and Social Security law significantly limits members' ability or individuals' ability to seek buyback after retirement. Thank you. There are no further questions. We respectfully ask this court to affirm. I have a brief rebuttal. Yes, Mr. Raynor. I would just argue that where she was misinformed, that she could apply the buyback at the time after she was retired, that that was an instance of the IRA discrimination. I just think that there's some intent there because obviously she would have applied prior to retiring had she been properly informed. And again, they do not give any reason as to why she was denied. And I just feel that NYSERS conduct was arbitrary and completionist. I know they're saying you're retired, that's it, but they didn't even inform her of that, or they simply denied it and didn't tell her of her right to appeal. It seems to me that it's incumbent upon the city to remedy that situation because it's an error of their doing. And the shift of burden to my client, I would say, clearly is discriminatory. Is there any basis in the record for concluding that the particular action was based on race? You say it's discriminatory, but it appears to me from what I've heard that this was the application of a statute regarding eligibility to participate. Could you explain if I'm missing something? Well, the fact that she was told that she could apply, wrongly told that she could apply once she was retired and she is Black, and I was thinking that that gives rise to an inference of intentional discrimination because clearly if the employee was simply told there, you have to apply now while you're still working, she would have. Okay. Thank you. I have nothing further. And based on that, I ask that your honors reverse the lower court and reinstate this suit. Thank you. Thank you. Yes. Thank you. Thank you both. And we will take the matter under advisement. Have a good day. Thank you very much. Thank you. Thank you.